**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA R. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO.  CIV-04-1724-HE |
| ) | |
| OKLAHOMA COUNTY, by and through ) | |
| OKLAHOMA COUNTY COMMISSIONERS ) | |
| and OKLAHOMA COUNTY COMMUNITY ) | |
| SENTENCING, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Linda R. Smith filed this action in state court asserting race discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983, and a retaliatory discharge claim under Oklahoma's Worker's Compensation Act.  The defendants removed the case to federal court and, by order entered November 30, 2005, the court granted defendant's motion for summary judgment on the plaintiff's claims against Oklahoma County Community  Sentencing and her request for punitive damages.[1]  The plaintiff has now filed an unopposed partial motion to dismiss, requesting the dismissal of her federal claims with prejudice.  She also has filed an unopposed motion to remand this action to state court, stating that the dismissal of her federal claims will remove the basis for the court's jurisdiction.

The court is not divested of its supplemental jurisdiction over the remaining state law

---

[1]*Judgment was not, however, entered on those claims, as the action was not concluded with respect to all claims and parties.  See Fed.R.Civ.P. 54(b).*

retaliatory discharge claim by the dismissal of the federal claims, but has the discretion to either keep it or remand it.  Lindsey v. Dillard's, Inc., 306 F.3d 596, 599 (8th Cir. 2002) ("Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed.  Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court."); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (3d ed. 1998) ("[T] district court has the power to continue to hear jurisdictionally insufficient claims that have been removed under Section 1441(c) even after the claim or claims providing the basis for removal jurisdiction have been eliminated from the federal action . . . .").  However, as the defendant does not oppose the requested remand, the court will exercise its discretion and remand the case.

Accordingly, the plaintiff's motions [Doc. Nos. 34, 35] are **GRANTED**.  The plaintiff's federal claims, race discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983, are dismissed with prejudice and this action is **REMANDED** to the District Court of Oklahoma County.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE